T.C. Memo. 2002-255


UNITED STATES TAX COURT


ANTHONY M. DAVICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 458-02L.               Filed October 7, 2002.


Anthony M. Davich, pro se.

<u>Alan J. Tomsic</u> and <u>Karen Lynne Baker</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, as supplemented, filed
pursuant to Rule 121.[1]  Respondent contends that there is no

_____

    [1]  Unless otherwise indicated, all section references are to
                                              (continued...)

dispute as to any material fact with respect to this levy action and that respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for 1997 and 1998 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.  Accordingly, we shall grant respondent's motion for summary judgment, as supplemented.

Background

The record establishes and/or the parties do not dispute the following:

A.  Petitioner's Form 1040 for 1997

On or about April 15, 1998, Anthony M. Davich (petitioner) submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997.  On the Form 1040, petitioner listed his occupation as "entertainer".

Petitioner entered zeros on all lines of the income portion of the Form 1040, specifically including line 7 for wages, line 22 for total income, lines 32 and 33 for adjusted gross income, and line 38 for taxable income.  Petitioner also entered zeros on line 39 for tax and on line 53 for total tax.  Petitioner then claimed a refund in the amount of $53, which was equal to the amount of Federal income tax that had been withheld from his wages.

Petitioner attached to his Form 1040 two Forms W-2, Wage and Tax Statement, disclosing the payment of wages to him during the taxable year in issue.  The first Form W-2 was from ETN Productions, Inc., of Las Vegas, Nevada; it disclosed the payment

of wages to petitioner in the amount of $22,239.62 and the withholding of Federal income tax in the amount of $53.18. The second Form W-2 was from Riviera Operating Corp. of Las Vegas, Nevada; it disclosed the payment of wages to petitioner in the amount of $4,080.20 and the withholding of no Federal income tax.

Petitioner also attached to his Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I, Anthony M. Davich am submitting this as part of my 1997 income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * * ;
>
> 2) Provides that income taxes "have to be paid on the basis of a return" * * * ;
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
>
> a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.
>
> * * * * * * *
>
> 6) Please note, that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.
>
> 7) It should also be noted that I had "zero" income according to The Supreme Court's definition of income (See Note #1) * * * .
>
> 8) I am also putting the IRS on notice that my 1997 tax return and claim or [sic] refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *

* * * * * * *

10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that.  You might prepare a return (pursuant to Code Section 6020(b)), where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personnel to "change" that return.

* * * * * * *

*Note #1: The word "income" is not defined in the Internal Revenue Code. * * * But, as stated above, it can only be a derivative of corporate activity. * * *

B.  Petitioner's Failure To File for 1998

Petitioner failed to file a return or submit to respondent a Form 1040 for the taxable year 1998.

C.  Respondent's Deficiency Notice and Petitioner's Response

On December 8, 1999, respondent (acting through James J. Walsh, District Director in Phoenix, Arizona) issued a notice of deficiency to petitioner for the taxable years 1997 and 1998.  In the notice, respondent determined deficiencies in petitioner's Federal income taxes, an addition to tax, and an accuracy-related penalty as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-related Penalty Sec. 6662(a) |
|------|-----------|--------------------------------|---------------------------------------|
| 1997 | $2,966 | --- | $593 |
| 1998 | 9,914 | $2,479 | --- |

Insofar as his ultimate tax liability was concerned, respondent gave petitioner credit for the amounts withheld from his wages.  However, we note that the determination of a statutory deficiency does not take such withheld amounts into

account.  See sec. 6211(b)(1).

The deficiencies in income taxes were based on respondent's determination that petitioner failed to report income determined as follows:

|                          | 1997     | 1998     |
| ------------------------ | -------- | -------- |
| Wages                    | $26,319  | $53,945  |
| Interest income          | 236      | 53       |
| Nonemployee compensation | ---      | 125      |
|                          | 26,555   | 54,123   |

By certified letter dated March 3, 2000, petitioner wrote to respondent's district office in Phoenix, Arizona, acknowledging receipt of the notice of deficiency dated December 8, 1999, but challenging respondent's authority "to send me the 'Notice' in the first place."  Petitioner sent copies of his letter by certified mail to Lawrence H. Summers, Secretary of the Treasury, and Charles O. Rossotti, Commissioner of Internal Revenue.

Petitioner knew that he had the right to contest respondent's deficiency determinations by filing a petition for redetermination with this Court.[2]  However, petitioner chose not to do so.  Accordingly, on May 8, 2000, respondent assessed the

---

[2]  In this regard, petitioner's letter dated Mar. 3, 2000, stated as follows:

According to your "Deficiency Notice", dated December 8, 1999 (cover sheet attached), there is an alleged deficiency with respect to my 1997 and 1998 income taxes of $3,559.00 and $12,393.00, respectively, and if I wanted to "contest this determination... before making payment," I must "file a petition with the United States Tax Court."

determined deficiencies, addition to tax, and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioner notices of balance due, informing him that he had liabilities for 1997 and 1998 and requesting that he pay them. Petitioner failed to pay the amounts owing.

By certified letter dated May 19, 2000, petitioner wrote to respondent's Service Center in Ogden, Utah, acknowledging receipt of the notices of balance due dated May 8, 2000. In his letter, petitioner stated, in part, as follows:

> This is in reply to your unsigned letters of May 8, 2000 (attached) in which you notified me that "We changed your account(s)".
>
> This letter is to put you on notice that there is no Code Section in the Internal Revenue Code that authorizes the IRS [to] "change" returns or "accounts".
>
> Income tax is based on "self-assessment"--see Treasury Reg. [§]601.103. "Our income tax system is voluntary and the Internal Revenue Service must perforce rely on the self-assessment of the taxpayer." * * *
>
> Thus it is clear from all of the evidence above that ONLY I can make a "self-assessment" concerning what my income tax liability might be for 1997 and 1998. Since I concluded that my 1997 and 1998 income tax liability is "zero" for those years, I did not "self-assess" myself with any income tax liability for those years; therefore, no income tax liability is shown on my 1997 or 1998 returns. This being the case and in conformity with the meaning of a TC 150,[3] no income tax liability can be assessed from my 1997 or

---

[3] "TC 150" refers to transaction code 150 in respondent's computerized transcript of account. TC 150 represents the assessment of tax as reported by a taxpayer on the taxpayer's return.

1998 returns.

D. <u>Respondent's Final Notice and Petitioner's Response</u>

On October 10, 2000, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of his outstanding tax liabilities for 1997 and 1998.

On or about November 4, 2000, petitioner filed with respondent Form 12153, Request for a Collection Due Process Hearing. The request, which was accompanied by a typewritten statement, included, inter alia, a challenge to the existence of the underlying tax liabilities for 1997 and 1998, as well as allegations that petitioner was never provided with a valid notice of deficiency or notice and demand for payment and that the Appeals officer had failed "to identify the statute that makes me 'liable to pay' the taxes at issue". Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liabilities in question.

E. <u>The Appeals Office Hearing</u>

By letter dated May 30, 2001, Appeals Officer Richard J. Sigler (the Appeals officer) acknowledged receipt of petitioner's request for an administrative hearing. The Appeals officer then went on to state, in part, as follows:

> I have reviewed your administrative file and your reasons for disagreeing with the Service Center Director's proposed enforcement action.  It is my determination that your reasons for disagreeing with the proposed enforcement action are frivolous.
>
> The Courts have consistently and repeatedly rejected the arguments you have expressed and, in some cases, they have imposed sanctions.  In Pierson v. Commissioner, * * * [115 T.C. 576 (2000)], the Court issued fair warning of penalties under section 6673 to all those taxpayers who, in the future, institute or maintain a lien or levy action primarily for delay or whose position in such a proceeding is frivolous or groundless.  In an opinion just issued by the Court in Regina Davis, * * * [T.C. Memo. 2001-87], the Court imposed a $4,000.00 penalty because the taxpayer was making frivolous arguments.

By letter dated June 18, 2001, the Appeals officer sent to petitioner copies of literal transcripts from respondent's individual master file (IMF) at the Martinsburg, West Virginia, Computing Center of petitioner's accounts for the taxable years 1997 and 1998.[4]

On July 30, 2001, petitioner attended an administrative hearing in Las Vegas, Nevada, conducted by the Appeals officer. Prior to the hearing, the Appeals officer reviewed transcripts pertaining to petitioner's accounts for the taxable years 1997 and 1998.

During the hearing, petitioner requested that the Appeals officer identify the statutory provisions establishing petitioner's liability for Federal income tax and provide

---

[4] A literal transcript is a transcript in "plain English" with a minimum amount of "computerese".

verification that all applicable laws and administrative procedures had been followed in the assessment and collection process. Petitioner was informed that the transcripts previously provided were sufficient to satisfy the verification requirement of section 6330(c)(1). Petitioner also alleged that he never received "the statutory notice and demand for payment". In response to the Appeals officer's question whether petitioner wished to discuss collection alternative, the following colloquy occurred:

> APPEALS OFFICER: * * * Do you want to discuss collection alternatives?
>
> PETITIONER: Yes. I'll pay the amount you want right now.
>
> APPEALS OFFICER: Okay, by check? Are you going to pay me with a check?
>
> PETITIONER: Yep. You just cite for me the regulation and statute that requires me to pay it [the outstanding liabilities].
>
> * * * * * * *
>
> PETITIONER: Let the record show I'm willing to pay the amount that's at issue right now, if Mr. Sigler [the Appeals officer] would just point out the statute and regulation that requires me to pay the tax at issue.

F. Respondent's Notice of Determination

On September 21, 2001, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liabilities for 1997 and 1998. In the notice, the Appeals Office

concluded that respondent's determination to proceed with collection by way of levy should be sustained.

G. Petitioner's Petition

On January 7, 2002, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[5] The petition includes allegations that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; (3) petitioner never received a "valid" notice of deficiency; i.e., one signed by the Secretary or someone with delegated authority from the Secretary; (4) petitioner never received a notice and demand for payment; and (5) petitioner was denied the opportunity to challenge the existence or amount of his underlying tax liability.

Petitioner attached to his petition several documents, including copies of the cover page of the notice of deficiency dated December 8, 1999, the Appeals officer's May 30, 2001, letter referencing the Pierson v. Commissioner, 115 T.C. 576 (2000) and Davis v. Commissioner, T.C. Memo. 2001-87 cases, the

---

[5] At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

Appeals officer's June 18, 2001, letter transmitting the literal transcripts for 1997 and 1998, and the transcripts themselves.

H.   Respondent's Motion For Summary Judgment

On June 14, 2002, respondent filed his Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673. Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this collection review proceeding because petitioner received a notice of deficiency for the taxes in question.  Respondent also contends that the Appeals officer's review of computer transcripts for petitioner's accounts for the taxable years 1997 and 1998 satisfied the verification requirement of section 6330(c)(1).  Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

By letter dated June 25, 2002, respondent's counsel provided petitioner with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, pertaining to each of petitioner's accounts for the taxable years 1997 and 1998.

On July 9, 2002, petitioner filed an Objection to respondent's motion, alleging, inter alia, that the December 8, 1999, notice of deficiency was invalid because District Director James J. Walsh "did not have any delegated authority to send out the Deficiency Notice", that he never received "the statutory

notice and demand for payment", and that no statute exists that makes him liable for Federal income tax and "IRS agents have no proper enforcement authority to collect the tax."

On July 12, 2002, petitioner filed an Amended Objection to respondent's motion repeating allegations made in his July 9, 2002, Objection. Petitioner attached to his Amended Objection copies of the Forms 4340 for 1997 and 1998, as well as copies of the May 8, 2000, notices of balance due for 1997 and 1998.

Pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Petitioner did not attend the hearing; however, he did file a written statement pursuant to Rule 50(c), which incorporated by reference certain of his prior filings.

Following the hearing, respondent filed a supplement to his motion. In the supplement, respondent discusses the authority of a District Director to issue notices of deficiency pursuant to section 6212. Thereafter, petitioner filed an Objection to respondent's supplement, again arguing that a District Director has no authority to issue a notice of deficiency.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section

6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000);  Goza v. Commissioner, supra.  Section 6330(d) provides for judicial

review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner challenges the assessment made against him on the ground that the notice of deficiency dated December 8, 1999, is invalid. However, the record conclusively shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court. See sec. 6213(a). It follows that section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liabilities in this collection review proceeding. See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002).

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's District Director is not properly authorized to issue notices of deficiency is frivolous and groundless. See id.; Goza v. Commissioner, supra; see also Kellogg v. Commissioner, 88 T.C. 167, 172 (1987), and the statutory, regulatory, and case citations therein regarding a District Director's authority to issue notices of deficiency; Lillis v. Commissioner, T.C. Memo. 1983-142 (same), affd. without published opinion 740 F.2d 974 (9th Cir. 1984). Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and

copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Tolotti v. Commissioner, T.C. Memo. 2002-86.  Suffice it to say:

(1) Petitioner is a taxpayer subject to the Federal income tax, see secs. 1(c), 7701(a)(1), (14);

(2) compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see also sec. 61(a)(4);

(3) petitioner is required to file an income tax return, sec. 6012(a)(1); and

(4) the Commissioner and his agents are authorized to enforce the provisions of the Internal Revenue Code, see I.R.C. chs. 78, 80.

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that prior to the administrative hearing on July 30, 2001, the Appeals officer obtained and reviewed computerized transcripts of account for petitioner's taxable years 1997 and 1998.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting

records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, supra; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the computerized transcripts of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[6]

---

[6] To the extent that petitioner may still be arguing that the Appeals officer failed to provide him with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing. Nestor v. Commissioner, 118 T.C. 162, 166 (2002). In any event, the Appeals officer provided petitioner with copies of literal transcripts of account for the taxable years 1997 and 1998. Indeed, petitioner attached copies of these transcripts as exhibits to his petition. Moreover, respondent's counsel provided petitioner with copies of Forms 4340 for the taxable years 1997 and 1998, and petitioner attached copies of these
(continued...)

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the computerized transcripts of account. See <u>Davis v. Commissioner</u>, 115 T.C. at 41; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment of his tax liabilities for 1997 and 1998. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

In particular, the computerized transcripts of account on which the Appeals officer relied during the administrative process, as well as the Forms 4340, show that respondent sent petitioner notices of balance due on the same date that respondent made assessments against petitioner for the tax, addition to tax, and

---

[6](...continued)
forms to his Amended Objection to respondent's motion.

accuracy-related penalty determined in the notice of deficiency.

A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Newman v. Commissioner, T.C. Memo. 2002-135; Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). Notably, petitioner attached copies of the notices of balance due dated May 8, 2000, as exhibits to his Amended Objection to respondent's motion.[7]

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.[8] These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated September 21, 2001.

---

[7] We also reject petitioner's argument that notice and demand for payment was not in accord with a Treasury decision issued in 1914 that required a Form 17 to be used for such purpose. See Tapio v. Commissioner, T.C. Memo. 2002-141.

[8] Petitioner stated to the Appeals officer at the administrative hearing on July 30, 2001, that he would pay in full his outstanding liabilities if the Appeals officer "would just point out the statute and regulation that requires me to pay the tax at issue." The statutory citations sought by petitioner are identified supra on p. 16 of this opinion.

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves
for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax
Court to require a taxpayer to pay to the United States a penalty
not in excess of $25,000 whenever it appears that proceedings
have been instituted or maintained by the taxpayer primarily for
delay or that the taxpayer's position in such proceeding is
frivolous or groundless.  The Court has indicated its willingness
to impose such penalty in lien and levy cases, Pierson v.
Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact
imposed a penalty in a number of such cases.[9]

We are convinced that petitioner instituted the present
proceeding primarily for delay.  In this regard, it is clear that

---

[9]  E.g., Roberts v. Commissioner, 118 T.C. 365 (2002)
(imposing a penalty in the amount of $10,000); Schmith v.
Commissioner, T.C. Memo. 2002-252 (imposing a penalty in the
amount of $1,000); Schroeder v. Commissioner, T.C. Memo. 2002-190
(imposing sua sponte a penalty in the amount of $1,000); Wagner
v. Commissioner, T.C. Memo. 2002-180 (imposing a penalty in the
amount of $4,000); Perry v. Commissioner, T.C. Memo. 2002-165
(imposing a penalty in the amount of $2,500); Crow v.
Commissioner, T.C. Memo. 2002-149 (imposing a penalty in the
amount of $1,500); Smeton v. Commissioner, T.C. Memo. 2002-140
(imposing a penalty in the amount of $1,000); Newman v.
Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the
amount of $1,000); Williams v. Commissioner, T.C. Memo. 2002-111
(imposing sua sponte a penalty in the amount of $1,000); Yacksyzn
v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the
amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213
(imposing a penalty in the amount of $1,500); Davis v.
Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the
amount of $4,000).

petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. E.g., Tolotti v. Commissioner, T.C. Memo. 2002-86. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Also relevant is the fact that the petitioner was made aware of the fact that he could be subject to a penalty for instituting or maintaining a lien or levy action primarily for delay or for advancing frivolous or groundless arguments in such an action. In this regard, the Appeals officer's letter dated May 30, 2001, expressly advised petitioner of Pierson v. Commissioner, supra, and Davis v. Commissioner, T.C. Memo. 2001-87.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $5,000.

In order to give effect to the foregoing,

> An appropriate order granting
> respondent's motion, as
> supplemented, and decision for
> respondent will be entered.